FILED
JAN 28 2013
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JARY GLENN GOODRICH, | * | CIV 12-4216-RAL |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | OPINION AND ORDER |
| | * | GRANTING LEAVE TO |
| LINCOLN COUNTY CIRCUIT | * | PROCEED IN FORMA |
| COURT, THE STATE OF SOUTH | * | PAUPERIS AND |
| DAKOTA, and THE SOUTH DAKOTA | * | DISMISSING COMPLAINT |
| DEPARTMENT OF CORRECTIONS | * | |
| | * | |
| Defendants. | * | |

Plaintiff Jary Glenn Goodrich ("Goodrich") filed this claim under 42 U.S.C. § 1983 on December 28, 2012. Doc. 1. Goodrich also filed a motion for leave to proceed in forma pauperis. Doc. 2.

**I. Facts**

Goodrich was convicted following a jury trial of stalking on December 20, 2012, in Lincoln County Circuit Court in South Dakota. Doc. 1 at 4. He filed this action in United States District Court eight days later. Doc. 1. Goodrich is suing the Lincoln County Circuit Court, the State of South Dakota, and the South Dakota Department of Corrections (collectively "Defendants"), purportedly in each entity's official and individual capacities. Doc. 1 at 2. Although he left the "Request for Relief" section of the Complaint blank, Goodrich wrote on the first page "INJUNCTIVE RELIEF OR JURY TRIAL DEMANDED." Doc. 1 at 1, 7. Goodrich filed another Complaint the same day he filed this Complaint. See CIV-11-4215-RAL, Doc. 1. The Complaint in CIV-11-4215-RAL is nearly identical to the Complaint filed in this case; it alleges the same injury and seeks the same remedy as this Complaint, but invokes 28 U.S.C. §

2254. Doc. 1.

Goodrich has not been sentenced for his December 20, 2012 conviction yet. Doc. 1 at 4. Nevertheless, Goodrich's § 1983 claim seeks redress because he believes that Defendants have kept him in jail too long. Doc. 1 at 4. Goodrich argues that he is entitled to be released from jail upon serving 25 percent of his sentence. Doc. 1 at 4. Because he has been in the Minnehaha County Jail since May 10, 2012, and he asserts that the maximum sentence for stalking is two years, Goodrich contends he has served more than 25 percent of his possible sentence and must be released. Doc. 1 at 4. He argues Defendants are retaliating against him for not giving up his right to a jury trial and are violating his constitutional right to "Probation or Parole Release" by keeping him in jail following his conviction. Doc. 1 at 4. Goodrich has not been sentenced by the state court and he has not requested any administrative remedies. Doc. 1 at 4.

## II. Discussion

### A. Liberal construction of pro se complaint

A court must assume as true all facts well pleaded in the complaint. Cole v. Homier Distrib. Co., Inc., 599 F.3d 856, 861 (8th Cir. 2010). "Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); see also Stringer v. St. James R-1 Sch. Dist., 446 F.3d 799, 802 (8th Cir. 2006) (noting that pro se complaints must be construed liberally). A plaintiff's complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). If a complaint does not contain these bare

essentials, and is instead based on "vague [or] conclusory" allegations or "unsupported generalizations," dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985). In Twombly, the Supreme Court of the United States made clear that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." 550 U.S. at 555; see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (citing Twombly and noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory) (internal citations omitted).

### B. In forma pauperis status

Goodrich has not paid the civil filing fee. When a prisoner files a complaint in the district court, the inmate must either pay the entire filing fee, or request leave to proceed in forma pauperis "without prepayment of fees or security therefor" under the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)(1). In re Prison Litig. Reform Act, 105 F.3d 1131, 1131 (6th Cir. 1997). In forma pauperis status is a privilege rather than a right. See e.g., Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the court's discretion. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). Goodrich's motion for leave to proceed in forma pauperis and his prisoner trust account report reveal that he is indigent. Doc. 4. This Court will grant Goodrich's motion to proceed in forma pauperis.

The Prison Litigation Reform Act, however, requires prisoners to make an initial partial

filing payment where possible. Determination of the partial filing fee is calculated according to 28 U.S.C. § 1915(b)(1), which requires 20 percent of the greater of: (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint or notice of appeal. Goodrich is obligated to pay the filing fee for his § 1983 action regardless of whether this Court allows or dismisses this action. In re Prison Litig. Reform Act, 105 F.3d at 1134. The obligation to pay a filing fee accrues the moment a plaintiff files his complaint with the court, and it cannot be avoided merely because the case is eventually dismissed. In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) (prisoner will be assessed full filing fee even if his case is dismissed because "the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

Thus, Goodrich does have to pay the entire $350.00 filing fee for his § 1983 action over the course of time, regardless of whether he obtains any relief from this action.

### C. Screening of Goodrich's claims

Congress has directed this Court under 28 U.S.C. § 1915 to review and screen claims in a complaint being filed in forma pauperis to determine if they are "(I) frivolous or malicious; (ii) fail[] to state a claim on which relief may be granted; or (iii) seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also Jefferies v. Marshall, No. CIV-12-3023, 2012 WL 3730605, at *2 (D.S.D. Aug. 28, 2012) ("This Court is required to dismiss claims that are frivolous, malicious, or fail to state a claim upon which relief may be granted."); In re Prison Litig. Reform Act, 105 F.3d at 1131 ("[B]efore service of process is made on the opposing parties, the district court must screen the case under the criteria of 28

U.S.C.A. § 1915(e)(2) and 28 U.S.C.A. § 1915A."). A pro se complaint is construed liberally, but it must contain specific facts supporting its conclusions. Allen v. Purkett, 5 F.3d 1151, 1153. "A complaint is frivolous where it lacks an arguable basis either in law or in fact." Stanko v. Patton, 228 F. App'x 623, 624 (8th Cir. 2007) (quoting Williams v. Hopkins, 130 F.3d 333, 335 (8th Cir. 1997)).

Goodrich did not state with specificity what relief he seeks from his § 1983 claim. On the first page of his Complaint, Goodrich wrote "INJUNCTIVE RELIEF OR JURY TRIAL DEMANDED." This Court will construe his Complaint liberally as seeking both monetary damages and injunctive relief from Defendants in their official capacities and monetary damages and injunctive relief from Defendants in their individual capacities.

Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

The Eleventh Amendment to the United States Constitution bars suits for money damages and injunctive relief when the state or state agency, as opposed to a state official, is the defendant. Alabama v. Pugh, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the state] has consented to the filing of such a suit."); see also Monroe v. Ark. State Univ., 495 F.3d 591, 593-94 (8th Cir. 2007) (ordering dismissal of § 1983 suit against a state university seeking injunction and upholding dismissal of § 1983 suit against a state university seeking

money damages); Pediatric Specialty Care, Inc. v. Ark. Dept. of Human Servs., 443 F.3d 1005, 1017 (8th Cir. 2006), vacated on other grounds, Selig v. Pediatric Specialty Care, Inc., 551 U.S. 1142 (2007) (holding that the Eleventh Amendment bars claims against a state agency, but not against state officials in official capacity for injunctive relief). Similarly, a state may not be sued for money damages under § 1983 because a state "is not a 'person' within the meaning of § 1983." Will v. Mich. Dep't of State Police, 491 U.S. 58, 65 (1989). Also, a state court may not be sued under § 1983. Clark v. Clark, 984 F.2d 272, 273 (8th Cir. 1993) ("Courts are not persons within the meaning of 42 U.S.C. § 1983, and, if they were, the action would be barred by the Eleventh Amendment, anyway.") (citing Will, 491 U.S. at 66-67). "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal . . . is appropriate." Benton v. Merrill Lynch & Co., Inc., 524 F.3d 866, 870 (8th Cir. 2008).

Goodrich's suit against each Defendant in both that Defendant's individual and official capacity and for both monetary damages and injunctive relief is subject to dismissal upon screening because a suit against a state, a state agency, and a state court is barred by the Eleventh Amendment and because a state is not a "person" within the meaning of § 1983 when sued for money damages. Thus, Goodrich's § 1983 claims against the Defendants must be dismissed under this Court's screening procedures as frivolous as they lack an arguable basis in law based on Defendants' Eleventh Amendment immunity.

Claims under § 1983 possibly could have proceeded had Goodrich sued individuals. For example, a suit under § 1983 may proceed when the plaintiff sues either a state official in his individual capacity for money damages. Murphy v. State of Ark., 127 F.3d 750, 754 (8th Cir. 1997) ("State officials acting in their official capacities are § 1983 'persons' when sued for

prospective relief, and the Eleventh Amendment does not bar such relief."); see also Gibson v. Ark. Dept. of Corr., 265 F.3d 718, 720 (8th Cir. 2001) ("The Eleventh Amendment is not a bar to 'federal jurisdiction over a suit against a state official when that suit seeks only prospective injunctive relief in order to end a continuing violation of federal law.'") (quoting Seminole Tribe of Florida v. Florida, 517 U.S. 44, 73 (1996) (internal quotation marks omitted)). A § 1983 may also proceed against a state official in his official capacity for injunctive relief. Monroe, 495 F.3d at 594; see also Fikse v. State of Iowa Third Judicial Dist. Dep't of Corr. Servs., 633 F. Supp. 2d 682, 690 (N.D. Iowa 2009) (dismissing claims against a state agency, while permitting claims against state official for injunctive relief to proceed). But none of the Defendants are individuals who could be sued in either that person's capacity as an agent of the state or in that person's capacity as an individual who is violating federal law through that person's actions taken under the color of state law. See generally Hafer v. Melo, 502 U.S. 21, 27 (1991).

This Court, then, is left with either (1) construing Goodrich's Complaint so broadly that this Court must search out and insert proper individuals from within each Defendant-entity to allow Goodrich's claims to proceed; or (2) dismissing the suits for money damages and injunctive relief against Defendants in their individual capacities without prejudice to allow Goodrich to refile and name proper individuals within the Defendant-entities as Defendants. Because claims against these Defendants are barred based on Defendants' Eleventh Amendment immunity, because these Defendants are not "persons" within the meaning of § 1983, and because this Court refuses to construe the Complaint so broadly as to insert individuals as defendants for Goodrich, the claims against Defendants must be dismissed without prejudice as non-meritorious and frivolous under this Court's screening procedures.

7

## III. Conclusion

For good cause, it is hereby

ORDERED that Goodrich's Motion to Proceed In Forma Pauperis, Doc. 2, is granted. It is further

ORDERED that the institution having custody of Goodrich is hereby directed that whenever the amount in Montrose's trust account exceeds $10.00, monthly payments that equal 20 percent of the funds credited to the account the preceding month be forwarded to the United States District Court Clerk, 400 South Phillips Avenue, Sioux Falls, South Dakota, 57104, pursuant to 28 U.S.C. § 1915(b)(2), until Goodrich has paid the $350.00 filing fee in full. It is further

ORDERED that Goodrich's Complaint, Doc. 1, naming Lincoln County Circuit Court, the State of South Dakota, and the South Dakota Department of Corrections be dismissed without prejudice as non-meritorious and frivolous under the screening procedures outlined in 28 U.S.C. § 1915A because Defendants' Eleventh Amendment immunity bars this suit and because Defendants are not persons within the meaning of § 1983 when sued for money damages.

Dated January 28th, 2013.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE

8